IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CV-39-FL

| | |
|---|---|
| LUIS ANTONIA ARELLANO GALVAN, JOSE ALFREDO AVILA TORRES and RAFAEL AARON BRITO MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN JOSE MEXICAN RESTAURANT OF NC, INC., SAN JOSE MEXICAN RESTAURANT #2 OF LUMBERTON, INC., SAN JOSE MEXICAN RESTAURANT OF PRMBROKE, NC, INC., ALBERTO FLORES TOLEDANO and EDGARDO FLORES PEREZ,<br><br>    Defendants. | ORDER |

  This matter is before the court on plaintiffs' motion to conditionally certify the case as a class action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b). (DE 25). The motion is ripe for adjudication. For the reasons set forth below, the motion is granted under the terms specified herein.

### BACKGROUND

  Plaintiffs commenced this action March 10, 2016, asserting claims under the FLSA. Plaintiffs are former employees of defendants who served as wait staff and bussers in defendants' chain of Mexican restaurants within North Carolina. Plaintiff Alfredo Avila Torres ("Torres")

worked for defendants as a waiter from approximately 1998 until 2014. Plaintiff Luis Antonia Arellanoi Galvan ("Galvan") worked for defendants as a waiter from approximately 2007 until 2014. Plaintiff Rafael Aaron Brito Martinez ("Martinez") worked for defendants as a busser from 2008 until 2014.

Plaintiffs allege FLSA violations falling into two groups: one group involves workers who were paid in only tips, and the other involves workers who were paid on a weekly basis. With respect to both groups, plaintiffs allege that defendants violated the FLSA's minimum wage provision, 29 U.S.C. § 206(a)(1), and its overtime provision, 29 U.S.C. § 207(a)(1). Plaintiffs move the court to certify each group as a class pursuant to 29 U.S.C. § 216(b).[1] Specifically, the proposed "Tipped Worker Class" consists of all tipped employees of defendants during any pay period falling within the three chronological years immediately preceding March 10, 2016, and continuing thereafter through the date on which final judgment is entered in this action. (Pls.' Mot., DE 25, 1). The proposed "Salary Class" consists of employees of defendants who were paid a flat weekly wage as employees of defendants during any pay period falling within the three chronological years immediately preceding March 10, 2016, and continuing thereafter through the date on which final judgment is entered in this action. (Pls.' Mot., DE 25, 1).

Defendants oppose plaintiffs' motion on the basis that potential class members who have accepted an award of back wages pursuant to a prior settlement between defendants and the United States Department of Labor ("DOL") are not similarly situated alongside other potential class

---

[1] Although the FLSA does not speak in terms of class certification as does Rule 23, many courts use such language when referring to representative actions under § 216(b) for ease of reference and uniformity. See Tyson Foods, Inc. v. Bouaphakeo, 136 S.Ct. 1036, 1041 (2016).

members; and workers in defendants' location in Pembroke, North Carolina location are not similarly situated alongside individuals who worked at other locations.

## COURT'S DISCUSSION

The FLSA provides that an action for unpaid minimum wages and overtime pay may be maintained against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The statute goes on to state that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. Accordingly, there are two requirements for maintenance of a class action under the FLSA: the plaintiffs in the proposed class must be "similarly situated;" and they must opt in by filing their consent to sue with the court. Id. The Fourth Circuit has not announced a test to determine whether individuals are similarly situated under the FLSA; however, courts in this district have held that to be similarly situated for purposes of § 216(b), persons "must raise a similar legal issue as to . . . nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." Jimenez-Orozco v. Baker Roofing Co. No. 5:05-CV-34-FL, 2007 WL 4568972, at *1, *6 (E.D.N.C. Dec. 21, 2007).

Ordinarily, certification of a statutory class action pursuant to the FLSA is a two-step process. Id. At the notice stage, early in a case, the court conditionally certifies the class based on the limited record before it and approves notice to putative class members of their right to opt in. Id. The final determination on certification is made later, typically after discovery, when the court has available to it substantially more information. Id.

3

Here, plaintiffs' motion to conditionally certify this case as a class action should be granted. Although defendants raise several arguments against conditional certification, or in the alternative, that plaintiffs' proposed class definitions should be limited, none serves as a basis for denying conditional certification.

First, defendants argue that both proposed classes should exclude potential plaintiffs who have already accepted back pay pursuant to a settlement reached between defendants and the DOL on July 9, 2015. Specifically, defendants argue that any potential plaintiffs who have accepted compensation under the DOL settlement have waived all further claims against defendants. However, the limited record before the court does not provide a sufficient basis to determine whether any of defendant's employees waived their claims. Thus, the court will not deny conditional certification on this ground. Instead, if, defendants obtain evidence in discovery that some opt-in plaintiffs are ineligible to participate in this litigation, defendants may raise this issue again at step two in a motion for decertification. Id.

Second, defendants argue that, even if conditional certification is granted, the certified classes should exclude workers whom defendants employed at their location in Pembroke, North Carolina. In support of this argument, defendants rely on the fact that none of the named plaintiffs worked at the Pembroke location within the three-year statute of limitations period. However, it does not follow from this observation that individuals who worked more recently in defendant's Pembroke location are not similarly situated alongside other plaintiffs. In fact, Torres states in his declaration that when he worked at defendants' Pembroke location, he witnessed the same wage-and-hour and overtime violations that form the basis for plaintiffs' claims regarding all of defendants' locations, and the existing record contains no evidence that defendants changed their

4

compensation policy at the Pembroke location after Torres left. Consequently, workers in defendants' Pembroke location are "similarly situated" alongside other plaintiffs for the purposes of conditional certification. See Id.

Finally, defendants argue, and plaintiffs do not dispute, that if conditional certification is granted, the court should order a modification to plaintiffs' proposed Notice of Class Action. Specifically, defendants argue that the notice should state that, by electing to opt-in to this action, a potential plaintiff waives any right to receive compensation under the existing settlement between defendants and DOL. See 29 U.S.C. § 216(c) ("[T]he agreement of any employee to accept [back pay secured by DOL] shall upon payment in full constitute a waiver by such employee of any right he may have under [28 U.S.C. § 261(b)] to such unpaid minimum wages or unpaid overtime compensation . . ."). Indeed, unless recipients of the notice are informed that their decision to opt-in to this action could impair their rights under the existing settlement between defendants and DOL, recipients will not have adequate information to make an informed decision whether to opt-in. Consequently, the Notice of Class Action must include this information.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1.  Platintiffs' motion for conditional certification of two classes is GRANTED on the terms set forth herein.

2.  The Tipped Worker Class shall include:

All individuals who worked as tipped employees of one or more defendants during any pay period falling within the three chronological years immediately preceding March 10, 2016 and continuing thereafter through the date on which final judgment is entered in the action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216 (b).

3. The Salary Class shall include:

All individuals who were paid a flat weekly wage as employees of one or more defendants during any pay period falling within the three chronological years immediately preceding March 10, 2016 and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

4. No subclasses shall be certified, although the parties may raise a motion for certification of subclasses if and when they deem appropriate.

5. Class counsel shall be Clermont F. Ripley of the Wake County bar.

6. Plaintiffs shall submit an amended proposed Notice of Class Action within 14 days to bring it in compliance with this order, accompanied by a motion to approve the same. Defendants may file a response within 7 days of the filing of any such motion and proposed Notice of Class Action.

SO ORDERED, this the 24th day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge