IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-39-FL

| | |
|---|---|
| LUIS ANTONIA ARELLANO GALVAN, JOSE ALFREDO AVILA TORRES and RAFAEL AARON BRITO MARTINEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JOSE MEXICAN RESTAURANT OF NC, INC., SAN JOSE MEXICAN RESTAURANT #2 OF LUMBERTON, INC., SAN JOSE MEXICAN RESTAURANT OF PRMBROKE, NC, INC., ALBERTO FLORES TOLEDANO and EDGARDO FLORES PEREZ, <br><br> Defendants. | ORDER |

This matter is before the court on plaintiffs' motion for approval of class notice (DE 33), wherein plaintiffs seek approval of proposed notice of class action and consent to sue forms for distribution under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 et seq. Plaintiffs also seek disclosure of contact information for potential opt-in plaintiffs. Defendants responded in opposition in part regarding the terms of proposed notice and request for production of contact information.

**BACKGROUND**

Plaintiffs commenced this collective action March 10, 2016, asserting claims under the FLSA for alleged violations of minimum wage and overtime provisions. Plaintiffs are former

employees of defendants who served as wait staff and bussers in defendants' chain of Mexican restaurants within North Carolina. The court conditionally certified two classes October 24, 2016. Simultaneously, the court directed plaintiffs to amend their proposed notice of class action to provide sufficient warning that a potential plaintiff's right to recover under an existing settlement between defendants and the U.S. Department of Labor ("DOL") could be impaired by joining this action. Plaintiffs submitted its amended proposed notice as an attachment to the instant motion November 7, 2016. Defendants responded November 16, 2016, seeking various additions or modifications to plaintiffs' proposed notice and request for disclosure. The court addresses in turn each of defendants' contentions.

**COURT'S DISCUSSION**

First, defendants contend the proposed notice inadequately addresses the DOL settlement. As pertinent to the instant motion, the FLSA permits covered employees to seek unpaid wages through collective action. 29 U.S.C. § 216(b). Additionally, the FLSA authorizes DOL to bring an action in any court of competent jurisdiction to seek recovery of unpaid wages, and the FLSA permits aggrieved workers to claim their share of this recovery. 29 U.S.C. § 216(c). Upon accepting the full amount secured by DOL, an employee waives any right to seek further recovery through collective action for the same claims. Id. Therefore, where defendants seek to add to plaintiffs' proposed notice statements including

- [i]f you have already received money in settlement for back wages claims from the U.S. Department of Labor, you may be ineligible, or may have to return or refuse that money to participate in this lawsuit, (DE 35-1 at 2);

- [i]f the U.S. Department of Labor has secured a payment for you resulting from their investigation, you are entitled to that money even if you do not join the lawsuit (DE 35-1 at 3);

2

- [y]ou also may lose your right to collect some or all of any money secured by you from the U.S. Department of Labor investigation [by joining this action] (DE 35-1 at 3)

defendants' proposal better describes potential plaintiffs' rights under the settlement with DOL and risks of joining this action. Therefore, the foregoing must be included in the notice in the manner defendants propose. However, where defendants have failed to submit proposed contact information for DOL, defendants' request to include such information is denied.

Second, defendants oppose aspects of the notice and request for disclosure that reference time-barred claims. The FLSA includes a three-year statute of limitations that runs from three years before the date a plaintiff files his or her consent to sue form. 29 U.S.C. §§ 255(a) & 256(b). Therefore, plaintiffs' request to discover contact information for employees who worked for defendants after March 10, 2013, potentially embraces employees whose employment ended outside the limitations period. At best, potential plaintiffs may exist who worked for defendants no earlier than three years prior to entry of this order. Therefore, defendants must produce contact information for former employees who worked any time during the three year period prior to December 15, 2016. Additionally, where defendants propose to state that former employees may have the right to join this action if they worked "at any time during the three-year period," (DE 35-1 at 2), before deciding to join this action, defendants' proposal is in accord with the FLSA, and this statement of eligibility to participate must replace plaintiffs' inconsistent proposal.

Third, defendants request that the notice state that defendants deny liability. To avoid any suggestion that defendants do not oppose plaintiffs substantive FLSA claims, the notice reasonably may state that defendants' deny liability in the manner defendants propose.

Fourth, in light of the approved modifications described above, defendants' proposal that the

3

notice be addressed to "[c]urrent or former employees of [defendants] who were employed prior to [[three] years from mailing of this notice," (DE 35-1 at 1), is unnecessary. Plaintiffs' simpler address to "[c]urrent or former employees of [defendants][,]" (DE 33-1 at 1), is more appropriate for the opening caption of the notice where the remainder of the notice provides sufficient clarification of the scope of eligible opt-in plaintiffs. Thus, plaintiffs' suggested address is not likely to cause confusion even if some former employees receive the notice who are ineligible to recover under the FLSA. Accordingly, this change is unnecessary.

Fifth, defendants' suggested changes to plaintiffs' description of the case name in caption and in text add neither clarity nor substantive difference. Therefore, these changes are unnecessary.

Sixth, defendants do not provide any reasons to remove plaintiffs' proposed observation that some notice recipients may have received documents from DOL discussing the existing settlement and stating the amount of total award secured by DOL. These statements are truthful and do not obfuscate other issues. Therefore, statements to this effect need not be removed.

Finally, defendants have not provided adequate support for the proposition that an aggrieved employee "cannot receive an award from both this lawsuit and [DOL] for the same back wages claims." (DE 35-1 at 4). As set forth above, the FLSA specifies that accepting a full award secured by DOL extinguishes a worker's right to participate in a collective action seeking recovery for the same unpaid wages. However, defendants' have submitted no authority from within the Fourth Circuit to establish that recovery under a DOL settlement and through collective action are always incompatible. Therefore, including this information is unwarranted.

4

## CONCLUSION

Based on the foregoing, upon considered review of the motion, response, and the record in this matter, plaintiffs' motion for approval of class notice and disclosure of contact information is GRANTED IN PART on the terms set forth herein:

1. The court APPROVES the notice modified in the form attached to this order for distribution to potential opt-in plaintiffs by U.S. mail and through radio announcements. Plaintiff may distribute immediately the approved notice.

2. Defendants are DIRECTED to post the notice in Spanish and English at each of the restaurant locations named in the complaint in a location that is visible and easily accessible to employees.

3. The court APPROVES the consent to sue form, attached as exhibit two to plaintiffs' motion, for distribution to the putative members of the collective actions.

4. Defendants are DIRECTED to provide plaintiffs with the full names, dates of employment, job titles, address, telephone number, location of employment, and date of birth of all putative class members who worked for any defendant during any pay period including or after December 15, 2013. Defendants shall produce the required information by December 29, 2016.

5. The deadline for preliminary joinder of opt-in plaintiffs filing consent to sue forms shall be June 29, 2017.

SO ORDERED, this the 15th day of December, 2016.

*(signed)* LOUISE W. FLANAGAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:16-cv-39

Luis Antonio Arellano Galvan, Jose )
Alfredo Avila Torres and Rafael Aaron )
Brito Martinez, on behalf of themselves )
and all others similarly situated, )
)
    Plaintiffs, )
)
vs. ) NOTICE
)
San Jose Mexican Restaurant of NC, )
Inc., San Jose Mexican Restaurant #2 )
of Lumberton, Inc., San Jose Mexican )
Restaurant of Pembroke, NC, Inc., Alberto )
Flores Toledano and Edgardo Flores Perez, )
)
    Defendants. )
_____ )

**TO**: Current or former employees of San Jose Mexican Restaurant

**FROM**: Clermont Ripley and Carol Brooke

**RE**: A law suit against San Jose Mexican Restaurant of NC, San Jose Mexican

    Restaurant #2 of Lumberton, San Jose Mexican Restaurant of Pembroke,

    Edgardo Flores Perez and Alberto Flores Toledano to recover unpaid wages

**DATE**: December 15, 2016

1.     **Purpose of the Notice**

The purpose of this Notice is to tell you about a lawsuit filed by some former employees of San Jose Mexican Restaurants against the restaurant and its owners seeking payment of wages to workers. You may be a member of one or more of the Plaintiff classes, which means you may be able to recover wages owed to you through this lawsuit. This notice will tell you how your rights may be affected by this suit, and to explain how you can participate in this suit if you want to do so.

## 2. Description of the Lawsuit

Jose Alfredo Avila Torres, Luis Antonio Arellano Galvan and Rafael Aaron Brito Martinez have filed a lawsuit in the United States District Court for the Eastern District of North Carolina against three locations of San Jose Mexican Restaurant, Edgardo Flores and Alberto Flores. The name and case number of the lawsuit is Arellano Galvan, *et al.* v. San Jose Mexican Restaurant of NC, Inc., *et al.*, 7:16-CV-39. The workers bringing the lawsuit are called the Plaintiffs. San Jose Mexican Restaurant, Edgardo Flores and Alberto Flores are called the Defendants.

The lawsuit asks for payment of minimum wages and overtime wages that Plaintiffs claim they should have been paid by Defendants. Specifically the lawsuit claims that:

- Wait staff were not properly paid because they were required to work for just tips;
- Bussers, cooks and other employees were not properly paid for all of the hours they worked because they were paid a weekly salary regardless of the hours worked;
- Employees had to purchase their own uniform shirts.

The lawyers for the Plaintiffs who brought this case are:

Clermont Ripley and Carol Brooke
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC 27611
866-415-1389 (toll-free)

The Defendants deny the Plaintiffs' claims, and assert that all workers were correctly paid for all hours worked.

## 3. Your Right to Participate in this Lawsuit

This notice tells you about your rights under the federal minimum wage and overtime law in the United States, which is called the Fair Labor Standards Act. It is possible that you have a right to join this lawsuit if you worked for San Jose Mexican Restaurant at any time during the three-year period before you decide to join this lawsuit and the present at any of the following locations:

5039 Fayetteville Rd, Lumberton, NC
3027 N. Roberts Ave, Lumberton, NC
938 E. 3rd St., Pembroke, NC

You may be eligible to participate in this lawsuit if your experience was similar to that of the named Plaintiffs and you were "similarly situated" to the Plaintiffs. Your options are explained below. However, if you have already received money in settlement for back wages claims from the U.S. Department of Labor, you may be ineligible, or may have to return or refuse that money to participate in this lawsuit. See section 5 below for more details.

1) Do Nothing – If you do not act, you may lose some of your rights to seek payment, as your claims expire. If you do nothing, you do not lose your right to bring a separate lawsuit against the Defendants. If the U.S. Department of Labor has secured a payment for you resulting from their

investigation, you are entitled to that money even if you do not join the lawsuit. However, if money is awarded to the Plaintiffs in this case, you will not receive it if you do not act.

2) Ask to join this Lawsuit – By joining this lawsuit, you gain the possibility of getting money or benefits that may result from a trial or settlement, but you give up your right to bring a separate lawsuit of your own against the Defendants for the same legal claims brought in this lawsuit. You may also lose your right to collect some or all of any secured by you from the U.S. Department of Labor investigation.

**4.     How to Participate in this Lawsuit**

If you want to join this lawsuit and be eligible to receive money you might be owed you must read (or have read to you), sign and return the Consent to Sue form included with this notice. **The Consent to Sue forms must be mailed or faxed to the North Carolina Justice Center by June 29, 2017**. The Consent to Sue form should be mailed to:

> Clermont Ripley
> 224 S. Dawson St.
> P.O. Box 28068
> Raleigh, NC 27611

It can also be faxed to 919-856-2175

If you have questions or concerns about how to participate in this case, you may call the Plaintiffs' attorneys: 866-415-1389.

**5. U.S. Department of Labor Settlement with San Jose Mexican Restaurants**

You may have also received a letter (WH-60) from the U.S. Department of Labor (USDOL) about a settlement with San Jose Mexican Restaurants. The USDOL conducted an investigation of San Jose Mexican Restaurants in 2013 and 2014 and found violations of the Fair Labor Standards Act. In July 2015 the USDOL and ten locations of San Jose Mexican Restaurants, including the three named in this lawsuit, entered into a settlement agreement in which the restaurants agreed to pay $511,745.52 in back wages to 125 specific employees for the time period of June 1, 2013 through March of 2014.

If you are one of those 125 employees, you may have already received a check from USDOL or you may be eligible to receive a check from USDOL. By accepting payment from USDOL you were/will be required to sign a form waiving your right to claim any additional damages for the time period specified in your letter from USDOL. You may still participate in this lawsuit if you have already received a check from USDOL, but the amount of damages you are able to receive may be impacted by your prior acceptance of a settlement check from USDOL. If you have not yet received a check or letter from USDOL about the settlement, you may still participate in this lawsuit. However, if you receive any money as a result of this lawsuit it may have an impact on your right to later receive money from USDOL also.

To find out if you are one of the 125 employees who is entitled to money under the USDOL settlement, contact the Plaintiffs' attorneys: 866-415-1389

### 6. Retaliation is Illegal

It is a violation of United States law for Edgardo Flores, Alberto Flores or San Jose Mexican Restaurants and/or their agents to threaten, harm, fire, refuse to hire, or in any manner discriminate against you for taking part in this case. If you believe that you have been threatened, punished, discriminated against, or retaliated against for discussing or choosing to join in this lawsuit, you can call the North Carolina Justice Center at: 866-415-1389

### 7. Effect of Joining this Lawsuit

If you join this lawsuit, you will be included in the decision made by the judge, whether that decision is favorable or unfavorable. You may also share in any money received in the lawsuit (either through a decision by the Court or through a settlement). If you receive money through this lawsuit, that could impact your ability to later receive money from the USDOL settlement (see section 5 above).

By joining this lawsuit, you designate the class representatives to make decisions on your behalf concerning this case. The decisions and agreements made in this lawsuit will affect your claims.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE LOUISE FLANAGAN, JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA. THERE ARE NO GUARANTEES THAT MONEY WILL BE RECOVERED IN THIS CASE. THE COURT HAS NOT YET DECIDED WHETHER THE CLAIMS MADE IN THE LAWSUIT ARE VALID.